

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD MILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-1388-M (BF) |
| | § | |
| HSC-HOPSON SERVICES CO., INC. and | § | |
| DANNIS HOPSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants HSC-Hopson Services Co., Inc. and Dannis Hopson have filed a motion to quash certain discovery requests served by Plaintiff Donald Miles in this civil action for alleged unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). As grounds for their motion, Defendants contend that Plaintiff's attempt to serve his First Set of Interrogatories, Requests for Admission, and Requests for Production failed to comply with the requirements of Fed. R. Civ. P. 5(b) and the deadlines established by the District Court's scheduling order. Defendants also contend that Plaintiff's First Set of Interrogatories includes 28 interrogatories, which exceeds the limit established by Fed. R. Civ. P. 33(a)(1). Plaintiff did not file a written response to Defendant's motion. Accordingly, the Court considers the motion with the benefit of a response.

Under Rule 5 of the Federal Rules of Civil Procedure a pleading or paper other than the initial complaint, including a discovery request, is properly served by:

    (A)    handing it to the person;

    (B)    leaving it:

      (i)      at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

      (ii)     if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C)    mailing it to the person's last known address--in which event service is complete upon mailing;

(D)    leaving it with the court clerk if the person has no known address;

(E)    sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

(F)    delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

FED. R. CIV. P. 5(b)(2). Further, where a party is represented by an attorney, service must be made on the attorney. FED. R. CIV. P. 5(b)(1).

Here, Defendants assert – and Plaintiff does not dispute – that Plaintiff attempted to serve his First Set of Discovery Requests by sliding them under the door of defense counsel's law office at a time when the office was closed. Because the office was closed, however, Plaintiff could not simply leave the discovery requests on the floor inside the front door unless defense counsel had agreed to be served in this manner. FED. R. CIV. P. 5(b)(2)(B)(ii) (if the office is closed, the paper must be delivered to "the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). It is undisputed that defense counsel did not agree to be served

by having documents slid under his office door. Therefore, Plaintiff's attempt to serve his First Set of Discovery Requests was defective. *See, e.g., Sinett, Inc. v. Blairex Labs., Inc.*, 909 F.2d 253, 253-54 (7th Cir. 1990) (holding that slipping motion under attorney's door after hours is insufficient to effect service); *Ortiz-Moss v. New York City Dep't of Transp.*, 623 F.Supp.2d 404, 408 (S.D.N.Y. 2008) (holding that because the office was closed when plaintiff's counsel attempted to serve plaintiff's acceptance, service by mail or at the dwelling or abode of defendants' counsel was required); *see also Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1313 (S.D. Tex. 1994) (observing that courts require strict compliance with Rule 5's procedure for effecting service of pleadings and papers other than the initial complaint).[1]

## CONCLUSION

For these reasons, Defendants' Motion to Quash Plaintiff's First Set of Discovery Requests (Doc. 14) is GRANTED. Defendants are not required to respond to the Plaintiff's First Set of Interrogatories, Requests for Admission, or Requests for Production.

SO ORDERED, May 9, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants further assert – and, again, Plaintiff does not dispute – that Plaintiff left his First Set of Discovery Requests at defense counsel's office on March 3, 2014. The Court's scheduling order establishes April 1, 2014 as the deadline for completing all fact and expert discovery. Order dated 7/19/13 (Doc. 11). A responding party generally has 30 days from the date of service in which to object and respond to interrogatories, requests for production, and request for admission that are served at the office of the responding party's counsel. *See* FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A); FED. R. CIV. P. 36(a)(3). If service had been effective on March 3, 2014, Defendants' responses would not have been due until after the April 1 discovery cutoff. Thus, Plaintiff's discovery requests were also untimely.